**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO:**

LENARIS BRADDY,

    Plaintiff,

v.

TRENCHLESS SEWER LINE
REPAIRS LLC, a Florida limited
liability company, and
JOHN S. WALTERS, individually,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, LENARIS BRADDY ("Plaintiff") pursuant to 29 U.S.C. § 216(b), files the following Complaint for Damages and Demand for Jury Trial against Defendants, TRENCHLESS SEWER LINE REPAIRS LLC ("TRENCHLESS"), and JOHN S. WALTERS ("WALTERS") (collectively referred to hereinafter as "Defendants"), and alleges as follows:

**INTRODUCTION**

1. Defendants have unlawfully deprived Plaintiff of federal overtime compensation during the course of his employment. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to recover all overtime wages owed to Plaintiff during the course of his employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, TRENCHLESS was a Florida limited liability company located and transacting business within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

4. Defendant, TRENCHLESS, is headquartered and operates its principal location at 11767 South Dixie Hwy. 114, Miami, Florida 33156.

5. Defendant, TRENCHLESS, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

6. Upon information and belief, during all times material hereto, Defendant, WALTERS, as a resident in Miami-Dade County, Florida.

7. During all times material hereto, Defendant, WALTERS, was over the age of 18 years, and owner, managing member, and corporate officer of TRENCHLESS.

8. During the relevant time period, WALTERS oversaw Plaintiff's job duties and responsibilities and controlled his work schedules.

9. During all times material hereto, Defendant, WALTERS was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, scheduling, and pay practices as it pertained to Plaintiff during the relevant time period.

10. Defendant, WALTERS, was Plaintiff's employer, as defined by 29 U.S.C. 203(d), during all times pertinent to the allegations herein.

11. During all times material hereto, Defendant, WALTERS, was expressly aware of the work performed by Plaintiff, but nevertheless required Plaintiff to continue working without receiving proper overtime compensation.

12. During all times material hereto, Defendant, WALTERS, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*.

## JURISDICTION AND VENUE

13. All acts and omissions giving rise to this dispute took place within Miami-Dade County, Florida, which falls within the jurisdiction of this Honorable Court.

14. Defendant, TRENCHLESS, is headquartered and regularly transacts business in Miami-Dade County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

15. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

16. Defendant, TRENCHLESS, is a Florida limited liability company that provides sewage repair and inspection related services throughout South Florida.

17. Defendants TRENCHLESS and WALTERS employ individuals like Plaintiff to work as hourly non-exempt laborers.

## FLSA COVERAGE

18. Defendant, TRENCHLESS, is covered under the FLSA through enterprise coverage, as TRENCHLESS was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, TRECNHLESS engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. TRENCHLESS's business and Plaintiff's work for TRENCHLESS affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

19. During his employment with Defendant, Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that moved through interstate

3

commerce, including, but not limited to the following: hand tools, hydro jetting, power rodding, wrenches, hacksaw, pliers, sealing tape, goggles, automobiles, extension cords, work gloves, installation equipment, telephones, cameras, notepads, computers, cellular telephones, order forms, and other sewage repair-related items.

20. Defendants also regularly employed two (2) or more employees for the relevant time period, who handled goods or materials similar to those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant's business an enterprise covered by the FLSA.

21. Upon information and belief, Defendant TRENCHLESS grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

22. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANT

23. Plaintiff began working as a laborer for Defendants in or around July 2020 and continued to do so until on or about August 6, 2021.

24. During Plaintiff's employment period, Defendants initially compensated Plaintiff at a rate of about $150.00 per day.

25. After about three (3) months of work during his employment period, Defendants increased Plaintiff's compensation to a rate of about $200.00 per day.

26. During Plaintiff's employment period, Plaintiff worked an average of fifty-five (55) hours per week.

27. In one or more workweeks, Defendants failed to compensate Plaintiff at time-and-one-half his regular hourly rate when Plaintiff worked in excess of forty (40) hours in a workweek.

28. Moreover, Defendants did not maintain accurate time records during Plaintiff's employment period.

29. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207***
*(Against all Defendants)*

30. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 29 as though set forth fully herein.

31. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

32. Plaintiff performed work for Defendants during his employment for which he should have received time-and-one-half his regular hourly rate for all hours worked in excess of forty (40) in one or more work weeks.

33. Defendants refused to pay Plaintiff one-and-one-half times his regular hourly rate for all hours he worked over forty (40) in one or more weeks of his employment.

34. Plaintiff therefore claims the federal overtime wage rate for each hour worked in excess of forty (40) per week during his employment for which he was not properly compensated.

35. Defendants willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendants knew or should have known of the FLSA's overtime wage requirements.

36. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

37. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

38. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, LENARIS BRADDY, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, TRENCHLESS SEWER LINE REPAIRS LLC ("TRENCHLESS") and JOHN S. WALTERS ("WALTERS"), and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, LENARIS BRADDY, requests and demands a trial by jury on all appropriate claims.

**Dated this 7th day of September 2021.**   Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 S.E. 10th Ave., Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff, Lenaris Braddy*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on September 7, 2021.

> By: */s/ Jordan Richards*
> JORDAN RICHARDS, ESQUIRE
> Florida Bar No. 108372

## **SERVICE LIST:**